UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RUDY SEPULVEDA,<br>    Plaintiff,<br><br>v.<br><br>WAYNE T. SALISBURY, in his official and individual capacity; LYNNE CORRY, in her official and individual capacity; JASON MASIELLO, in his official and individual capacity; Lt. STEVE SARITELLI, in his official and individual capacity;<br>    Defendants. | C.A. No. 25-00478-MSM-AEM |

ORDER

Mary S. McElroy, United States District Judge.

The Plaintiff has filed with his Complaint a Motion to Proceed *In Forma Pauperis*, which requires the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). The Court has examined the Complaint and its Addendum carefully, in light of the applicable law, and concluded that it does not state a plausible federal claim for relief. Considering the situation of which the Plaintiff complains, the Court does not foresee that the Complaint can be amended to pass the *Iqbal*.

The essence of the Complaint is that development and implementation of rules governing the possession of tablets by High Security inmates has been delegated to a

particular Lieutenant and that he has carried them out unfairly in relation to the Plaintiff. The Court notes that while the Plaintiff purports to seek relief on behalf of all inmates in his facility, he cannot do so as a non-lawyer. There is no constitutional right to a tablet in prison, and conditions of confinement approach an unconstitutional state only when they are unusually harsh, a deviation from the ordinary hardships and deprivations attendant to incarceration. *Sandin v. Connor,* 515 U.S. 472, 484 (1995). The Plaintiff asserts an equal protection right to have the same privileges in relation to tablets as inmates in lower securities, but they are not similarly situated and there is no intimation that the Plaintiff's access to tablet applications is influenced by a suspect classification. He complains about the only music application on his tablet being a Christian Bible one although he is not Christian, but he acknowledges he has access to 50 non-Christian songs; while that is not an infinite number it is not minimal, and he has alternatives to religious programming to listen to. Finally, there are no pleadings that would support supervisory liability against defendants Salisbury, Corry, or Masiello. *Sanchez v. Pereira-Castillo,* 590 F.3d 31, 49 (1st Cir. 2009). The Complaint is DISMISSED and the Motion to Proceed IFP is DENIED as moot.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

October 17, 2025